IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:19-cr-00495-IM-1 |
| v. | **OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION** |
| **ALEJANDRINO BUSTOS SOLANO**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, and Sarah Barr, Assistant United States Attorney, U.S. Attorney's Office, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

Alejandrino Bustos Solano, USM #81660-065, FCI Coleman Low, P.O. Box 1031, Coleman, FL 33521. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Defendant Alejandrino Bustos Solano's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) ("Mot."), ECF 198. Defendant argues that he is entitled to a two-offense-level sentence reduction based on the U.S. Sentencing Commission's recent addition of § 4C1.1 to the Sentencing Guidelines, which retroactively applies to certain offenders who had zero criminal history points at the time of their sentencing. *Id.* at 1–2. The Government

PAGE 1 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

opposes the Motion. Government's Response to Defendant's Motion ("Resp."), ECF 200. It argues that Defendant is ineligible for a sentence reduction under § 3582(c)(2) because even if Defendant received a sentence reduction under § 4C1.1, his new sentencing guidelines range of 135 to 168 months would exceed the sentence this Court imposed of 121 months. *Id.* at 4–5.

This Court agrees with the Government and DENIES Defendant's Motion for Sentence Reduction, ECF 198.

## LEGAL STANDARDS

18 U.S.C. § 3582(c)(2) "provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specific by the Commission." *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (brackets, citation, and internal quotation marks omitted)). In full, it states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Under § 3582(c)(2), a district court must engage in two steps to decide whether to grant a requested reduction. First, the court must determine whether the defendant is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10 of the Sentencing Guidelines. *Brito*, 868 F.3d at 880. Section 1B1.10 explains that a defendant can seek a sentence reduction pursuant to amendments to the Guidelines, including those contained in § 4C1.1. *See* U.S. Sent'g Guidelines Manual § 1B1.10(d) (U.S. Sent'g Comm'n 2023). Second, if the defendant is eligible for a sentence reduction, the court must "consider any applicable [18

PAGE 2 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Brito*, 868 F.3d at 880 (citation omitted).

In applying these steps, the court must construe a defendant's pro se motion liberally. *See United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020) (citation omitted). Still, it is the defendant's burden to show that he is eligible for a sentence reduction under § 3582(c)(2). *United States v. Sprague*, 135 F.3d 1301, 1306 (9th Cir. 1998).

## BACKGROUND

Defendant pleaded guilty to a single count of Conspiracy to Possess with Intent to Distribute Controlled Substances, to Use a Communication Facility, and to Maintain Drug-Involved Premises. *See* Judgment & Commitment, ECF 123 at 1. It is undisputed that Defendant had zero criminal history points at the time of his sentencing. Because his offense level was 35, Defendant's sentencing guideline range was 168 to 210 months. Statement of Reasons, ECF 124 at 1. However, applying the 18 U.S.C. § 3553(a) factors, this Court imposed a sentence below the guideline range: 121 months in prison and five years of supervised release. Judgment & Commitment, ECF 123 at 2–3. Defendant was sentenced on January 24, 2022, and he is currently serving his sentence at FCI Coleman Low.

## DISCUSSION

Defendant is not eligible for a sentence reduction under § 1B1.10. Section 1B1.10 of the Guidelines provides that, except in circumstances not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined" after application of the retroactive guideline amendment. U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A). In the Ninth Circuit's words, "[t]he current version [of the Guidelines]

PAGE 3 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

. . . prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range, except in the case of a defendant who originally received a below-guidelines sentence based on substantial assistance to the government." *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) (citing U.S. Sent'g Guidelines Manual § 1B1.10(b)).

That prohibition resolves Defendant's Motion. Defendant did not receive a below-the-guidelines sentence based on substantial assistance to the government, so his new amended range cannot go below the sentence this Court originally imposed of 121 months. *See* Statement of Reasons, ECF 124 at 1. But even assuming Defendant were eligible for § 4C1.1's two-point sentence reduction, Defendant's new minimum would be 135 months—exceeding his current sentence by 14 months.[1] *See* U.S. Sent'g Guidelines Manual ch. 5, pt. A (sentencing table). Accordingly, Defendant cannot receive his requested reduction, and his Motion must be denied.

## CONCLUSION

For the reasons above, this Court DENIES Defendant's Motion for Sentence Reduction, ECF 198.

**IT IS SO ORDERED.**

DATED this 5th day of February, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[1] The Government does not concede that Defendant is eligible for a reduction under § 4C1.1. *See* Resp., ECF 200 at 3 n.1. This Court need not and does not decide that issue.

PAGE 4 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION