IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ALEJANDRINO BUSTOS SOLANO**,<br><br>Defendant. | Case No. 3:19-cr-00495-IM-1<br><br>**OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION** |

Natalie K. Wight, United States Attorney, and Sarah Barr, Assistant United States Attorney, U.S. Attorney's Office, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

Alejandrino Bustos Solano, USM #81660-065, FCI Coleman Low, P.O. Box 1031, Coleman, FL 33521. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Defendant Alejandrino Bustos Solano's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) ("Mot."), ECF 215. Defendant states that, because U.S. Immigration and Customs Enforcement ("ICE") has lodged an immigration detainer against him, he has lost all Federal Time Credits ("FTCs") he had earned. *Id.* at 2. He argues that this has created a significant disparity in sentencing between him and similarly situated defendants. *Id.*

PAGE 1 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

He also argues that, because the ICE hold makes him ineligible to apply FTCs toward early release, he is disincentivized from participating in recidivism reduction programs. *Id.* at 2–3.

The Government opposes the Motion. Government's Response to Defendant's Motion ("Resp."), ECF 219. It argues that Defendant has not exhausted administrative remedies as required by § 3582(c)(1)(A) and that, even if he had, he has not demonstrated extraordinary and compelling reasons warranting a sentence reduction. *Id.* at 4–5.

This Court agrees with the Government and DENIES Defendant's Motion for Sentence Reduction, ECF 215.

## LEGAL STANDARDS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Courts may, however, reduce an inmate's term of imprisonment if "extraordinary and compelling reasons" warrant that reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

Prior to 2018, only the Director of the Federal Bureau of Prisons ("BOP") could move a district court under § 3582(c)(1)(A) for the compassionate release of a federal prisoner. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). The First Step Act of 2018 ("FSA") amended § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018). Section 3582(c)(1)(A) now authorizes a district court to reduce a defendant's sentence upon motion of either (1) the Director of the BOP, or (2) the defendant, so long as "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

Where this exhaustion requirement is met and a defendant is seeking a sentence reduction under § 3582(c)(1)(A)(i), a court may grant the motion if it finds that: (1) "extraordinary and

PAGE 2 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

compelling reasons warrant such a reduction," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* If the court finds that both criteria have been met, the court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.*

The defendant bears the burden of proving that he is eligible for a sentence reduction and that the reduction is appropriate. *Id; see also United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). Even if there are extraordinary and compelling reasons, the grant of a motion for compassionate release is in the sentencing court's discretion. *United States v. Cole*, 479 F. Supp. 3d 996, 999 (D. Or. 2020).

## BACKGROUND

### A. Factual Background

Defendant pleaded guilty to a single count of Conspiracy to Possess with Intent to Distribute Controlled Substances, to Use a Communication Facility, and to Maintain Drug-Involved Premises. *See* Judgment & Commitment, ECF 123 at 1. It is undisputed that Defendant had zero criminal history points at the time of his sentencing. Because his offense level was 35, Defendant's sentencing guideline range was 168 to 210 months. Statement of Reasons, ECF 124 at 1. However, applying the 18 U.S.C. § 3553(a) factors, this Court imposed a sentence below the guideline range: 121 months in prison and five years of supervised release. Judgment & Commitment, ECF 123 at 2–3. Defendant was sentenced on January 24, 2022, and he is currently serving his sentence at FCI Coleman Low.

### B. Post-Conviction Procedural History

Defendant previously filed two motions for sentence reduction. First, on January 2, 2024, Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), seeking a "zero-point offender" reduction under Amendment 821 to the federal sentencing guidelines. ECF

PAGE 3 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

198. This Court denied that motion because he was not eligible for such reduction, as his sentence was already below the amended guideline range. Order Denying Motion, ECF 205 at 3–4. On May 29, 2024, Defendant filed a second motion for sentence reduction under § 3582(c)(2) making an identical argument. ECF 213. This Court denied that motion as duplicative. ECF 214.

## DISCUSSION

This Court denies Defendant's third motion for sentence reduction because he has not met the requirements set out in § 3582(c)(1)(A). Defendant has not established that he has exhausted his administrative remedies, nor has he shown that extraordinary and compelling reasons warrant reducing his sentence.

**A.  Defendant has not exhausted administrative remedies.**

A district court may reduce a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In other words, a defendant must first request the BOP seek compassionate release on his behalf, and may only file a motion himself if his request is denied or he does not receive a response after 30 days.

Defendants bear the burden of demonstrating administrative exhaustion. *United States v. Foster*, 492 F. Supp. 3d 1117, 1119 (D. Or. 2020). Section 3582(c)(1)(A)'s administrative exhaustion requirement "imposes a mandatory claim-processing rule that must be enforced when properly invoked." *Keller*, 2 F.4th at 1282. Courts thus "'may not modify a term of imprisonment' unless the defendant has fully complied with the exhaustion requirement." *Id*. (emphasis omitted) (quoting 18 U.S.C. § 3582(c)).

Here, Defendant does not claim to have filed a request with the warden, and he has not offered any information or proof that he has done so. *See* Mot., ECF 215. He has therefore failed to establish that he has exhausted his administrative remedies.

**B.  Defendant's reasons for release are not extraordinary and compelling.**

Congress has not defined "extraordinary and compelling reasons," except to state that "[r]ehabiliation . . . alone" does not suffice. 28 U.S.C. § 994(t). Instead, Congress directed the Sentencing Commission to define the phrase. *Id.* The Commission's definition enumerates four "reasons" that qualify as "extraordinary and compelling": (1) the medical circumstances of the defendant, such as suffering from a terminal illness or a serious physical or medical condition; (2) the age of the defendant; (3) family circumstances; and (4) any other extraordinary and compelling reason determined by the Director of the BOP. U.S. Sent'g Guidelines § 1B1.13(b).

Defendant here has failed to demonstrate that any "extraordinary and compelling reasons" warrant reducing his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Defendant argues that if he would have been able to apply the FTCs, he would have earned by July 2024 toward 365 days off his federal sentence, except that the ICE hold caused him to lose all of them. Mot., ECF 215 at 2. According to Defendant, this means two things: (1) losing the credits "creates a significant disparity in sentencing" between him and similarly situated defendants, and (2) his ineligibility to apply FTCs towards early release will disincentivize him from further participation in rehabilitation programs. *Id.* at 2–3. Neither reason is extraordinary and compelling.

First, while the Commission's policy statement contemplates that a "gross" sentencing disparity may be an extraordinary and compelling reason if certain requirements are met, Defendant does not meet any of those requirements. U.S. Sent'g Guidelines § 1B1.13(b)(6). Those requirements include a defendant having received an unusually long sentence, having served ten years of imprisonment, and a change in the law producing a gross disparity between

PAGE 5 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

the sentence being served and the sentence likely to be imposed at the time the motion is filed. *Id.* None applies here. Defendant's sentence is not unusually long, he has not served ten years in prison, and he points to no change in the law.

Further, there is no disparity here because, as the Government points out, all defendants subject to an ICE hold are statutorily ineligible to earn time credits. Resp., ECF 219 at 5; *see* 18 U.S.C. § 3632(d)(4)(E)(i). And even if the denial was specific to Defendant, as many courts in this Circuit have already concluded, a failure to receive additional FTCs is not an extraordinary or compelling reason justifying compassionate release. *See United States v. Ortiz*, No. CR12-62, 2023 WL 1781565, at *6 (W.D. Wash. Feb. 6, 2023) ("Defendant's individual claims regarding . . . the calculation of his earned time credits do not constitute 'extraordinary and compelling' circumstances warranting the relief requested"); *United States v. Penitani*, No. 13-00514, 2022 WL 4132900, at *4 (D. Haw. Sept. 12, 2022) (same).

Second, Defendant's lessened incentive to participate in rehabilitation programs due to the ICE hold is not an extraordinary and compelling reason for reduction. Defendant has doubtlessly benefited from successfully completing drug and alcohol treatment programs, as well as educational and vocational programs. Mot., ECF 215 at 3. That is to his credit, and this Court commends him on his progress toward rehabilitation. But participating in such programs while incarcerated should be considered the norm, rather than an "extraordinary" or "compelling" anomaly. *See United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023) ("Taking classes while incarcerated is common rather than extraordinary."). Congress has determined that rehabilitation alone is insufficient for a court to reduce a sentence. 28 U.S.C. § 994(t). Having considered and rejected Defendant's other ground in support of a sentence reduction, this Court concludes that his rehabilitative efforts do not meet the "extraordinary and compelling" standard.

Defendant has failed to show that he exhausted his administrative remedies or that extraordinary and compelling reasons warrant reducing his sentence. Because this Court finds that neither of the prerequisite requirements for reducing Defendant's sentence has been met, it will not go on to consider the factors set forth in 18 U.S.C. § 3553(a).

## CONCLUSION

For the reasons above, this Court DENIES Defendant's Motion for Sentence Reduction, ECF 198.

**IT IS SO ORDERED.**

DATED this 10th day of October, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge